# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| BAHEEJAH AALIYAH FAREED<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARROLLTON, CITY OF IRVING, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5,<br><br>Defendants. | Civil Action No.  3:24-cv-3251 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Baheejah Aaliyah Fareed files this civil action seeking redress for assault and violations of her constitutional right to free exercise of religion. Plaintiff was subjected to humiliating and degrading treatment when her religious garments were unlawfully removed after she was detained for a traffic violation, including for post-arrest booking photographs.

## PARTIES

1.      Plaintiff Baheejah Aaliyah Fareed resides in Dallas County, Texas.

2.      Defendant City of Carrollton can be served with process by serving the City Secretary's Office at 1945 E. Jackson Rd, Carrollton, Texas 75006.

3.      Defendant City of Irving can be served with process by serving the City Secretary's Office at 825 W. Irving Blvd. Irving, TX 75060.

4.      Defendants John Doe 1 and John Doe 2 are employees of the City of Carrollton who can be served with process by serving citation on the City Secretary's Office at 1945 E. Jackson Rd, Carrollton, Texas 75006.

5. John Doe 3, John Doe 4, and Jane Doe 5 are employees of the City of Irving who can be served with process by serving citation the City Secretary's Office at 825 W. Irving Blvd. Irving, TX 75060.

6. Plaintiff alleges that Defendants were responsible for the events and happenings set forth herein, proximately caused injury and damages to Plaintiff, and are jointly and severally responsible for Plaintiff's damages.

7. Defendants John Doe 1 and John Doe 2 acted within the scope of their authority as employees of the City of Carrollton.

8. Defendants John Doe 3, John Doe 4, and John Doe 5 acted within the scope of their authority as employees of the City of Irving.

9. Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 have yet to be identified by name. All Does are sued in their individual capacities and in their capacities as agents, servants, and employees of the City of Carrollton and the City of Irving. Defendants John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 will be identified through discovery. After such identification, they may be served at their place of employment.

## JURY DEMAND

12. Plaintiff demands a trial by jury.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over the claims set forth herein under 28 U.S.C. §1331 (federal question) as the conduct alleged and corresponding remedies fall under 42 U.S.C. § 1983 and other federal statutes. The Court also has supplemental jurisdiction over the state-law claims under 28 U.S.C. §1367.

14. Venue is proper in the Northern District of Texas because all acts and/or omissions alleged herein occurred in this District. Defendants are organized governmental entities within Dallas County, which is part of the Northern District of Texas. 28 U.S.C. §1391.

### STATEMENT OF FACTS

*Preliminary Statement:*

15. This case challenges the City of Carrollton and the City of Irving, vis-à-vis, the Carrollton and Irving Police Departments and their policies, practices, and customs which directly violate the First Amendment as well as other federal and state law. Pursuant to said policies, practices, and customs, City of Carrollton correctional officers forced Baheejah Aaliyah Fareed to remove her religiously mandated hair covering (hereinafter "hijab") upon entering the City of Carrollton jail, withheld her hijab the entire time she was in custody, and physically harassed her. Mrs. Fareed faced similar treatment from City of Irving correctional officers, despite her constant objection that the removal of her hijab directly violated her sincerely held religious beliefs and obligations as a Muslim woman.

16. This practice alienates faith communities throughout Dallas County, humiliates individuals booked into these jails, and places substantial burdens on individuals and Plaintiff's religious liberties.

17. Plaintiff provides in the Factual Allegations section below the general substance of her factual allegations. Plaintiff does not intend that those sections provide comprehensively, in detail, or even in chronological order, any or all allegations. Instead, Plaintiff presents these sections to provide Defendant sufficient and fair notice as to the general nature and substance of Plaintiff's allegations, and further demonstrate that Plaintiff's claims have facial plausibility.

18.     When Plaintiff pleads factual allegations "upon information and belief," Plaintiff is pleading that the specified factual contentions either have or will likely have evidentiary support after a reasonable opportunity to conduct further investigation and/or discovery.

19.     To the extent that Plaintiff quotes a conversation, she has done so to the best of her recollection and knowledge. While Plaintiff attempts to identify the defendants, names remain unknown, and those individuals are listed as John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5.

20.     Plaintiff pleads specific facts which give rise to the legal claims and redress delineated herein. Plaintiff is not pleading her "best case," as she is incapable of doing so until afforded an opportunity to conduct discovery. Plaintiff will seek leave to amend this pleading as further facts are developed, or if the Court determines Plaintiff's pleading is in any manner deficient.

*Factual Allegations*

21.     Baheejah Aaliyah Fareed is a devout Muslim woman who observes the mandatory religious practice of covering her hair with a hijab. She has been wearing a hijab for many years and believes it to be a central tenant of her faith.

22.     On June 14, 2024, a Carrollton police officer, stopped Mrs. Fareed for a traffic infraction. During this time, both Mrs. Fareed and the officer who made the traffic stop learned that there was an original at-large warrant issued by the City of Irving in January 2023, for the alleged offense of Failure to Maintain Financial Responsibility (no vehicular insurance). The officer then executed the warrant and arrested Mrs. Fareed.

23.     The arresting officer then transported Mrs. Fareed to the Carrollton Police Department. During the intake process, correctional officers directed her to remove her religiously mandated headscarf (hereinafter "hijab").

24. Mrs. Fareed objected, informing correctional officers that she wore hijab due to her religious beliefs and thus was religiously prohibited from removing her hijab in public

25. After mounting a clear and unequivocal objection, John Doe 1, who presented himself as the "manager," arrived and explained that there was no religious exception, and that Mrs. Fareed must remove her hijab.

26. Mrs. Fareed responded to John Doe 1 by re-asserting her right to cover her hair in accordance with her sincerely held religious beliefs.

27. Despite Mrs. Fareed's vociferous objections, another correctional officer, John Doe 2, approached. Without Mrs. Fareed's approval or consent, he placed his hands directly on her hijab, unpinned the safety pin attaching the fabric around her face, removed her hijab from her head exposing her hair, and then placed the hijab on the desk in front of her.

28. It should be noted that throughout this interaction, Mrs. Fareed had already been searched but was not handcuffed and fully capable of removing her own hijab and presented no security concern.

29. Adding insult to injury, John Doe 2 took his fingers, placed them directly in contact with Mrs. Fareed's scalp, and proceeded to run them through her hair.

30. Mrs. Fareed has no criminal history and was under arrest for traffic violations. She presented no security concerns.

31. John Doe 2 purposefully assaulted

32. Both the forced hijab removal and the subsequent physical assault was a deeply dehumanizing and traumatizing experience for Mrs. Fareed

33. After some time, Mrs. Fareed was informed that she would be transported to Irving due to the outstanding warrant. Because she was uncuffed, she reached over and placed her hijab back on and secured it with a pin prior to transport.

34. Once Mrs. Fareed arrived at City of Irving jail, Irving police officers ordered her to change into the inmate uniform in a private room, directing her to remove both her jewelry and her headscarf.

35. Mrs. Fareed, once again, mounted a religious objection, stating specifically that she was wearing her hijab as part of a religious obligation and could not remove it. When the correctional officers continued insisting on the removal, Mrs. Fareed asked to speak to a supervisor.

36. Two supervisors, John Doe 3 and 4, advised Mrs. Fareed that the headscarf removal was part of their jail policy and required her compliance, saying, "In the jail, there is no religion or whatever. This is our rule and you have to take it off."

37. Mrs. Fareed was distraught and under duress, ultimately felt coerced to remove her headscarf.

38. John Doe 5, a City of Irving Police Office staff member, photographed Mrs. Fareed without her hijab.

39. The photograph taken of Mrs. Fareed without her hijab, in violation of her sincerely held religious beliefs, was published publicly pursuant to City of Irving Police Department procedures.

40. Throughout her entire detention Mrs. Fareed was denied her First Amendment right to cover her hair as her religion requires, nor did the jail attempt to accommodate her religious beliefs by providing an alternative garment or cloth which would serve the same purpose.

41. Defendants' correctional officers made it abundantly clear in both their interactions and commands to Mrs. Fareed, that the forced removal of her hijab was not an individual or rogue act, but rather correctional officers forcing compliance with a specifically delineated and widely understood policy, provision, and custom of the City of Carrollton and the City of Irving Police Departments. Put simply, correctional officers were simply conducting business as usual.

42. Mrs. Fareed was forced to remain without her hijab the entire 12-15 hours of detention, in full view of men that are unrelated to her, violating her sincerely held religious beliefs.

43. To date, Mrs. Fareed continues to feel traumatized, dehumanized, violated, and exposed, as well as psychologically distraught as a result of her forced hijab removal, photograph taken without her hijab, and publication of said photograph. She suffers changes in appetite, anxiety, paranoia, and trauma from the episode.

44. The publication of the photograph is continuous and ongoing; the City of Irving is currently causing this photograph of Mrs. Fareed without her hijab to be constantly available and viewable to third parties in violation of Mrs. Fareed's beliefs.

45. A Notice of Suit was served to the City of Irving and the City of Carrollton on August 2nd, 2024.

46. It is Plaintiff's intent to show that all facts asserted in this pleading relate to policies, practices, and customs, or alternatively failure to train, of the City of Irving and the City of Carrollton support the liability claims contained herein. These policies, practices, customs, and omissions alleged in this pleading, individually or working together, and whether supporting episodic acts and omissions, were the direct and proximate causes of the constitutional violations to which Mrs. Fareed was subjected.

47. Defendants knew, or should have known, when they were conducting Mrs. Fareed's intake that their policies, practices, and customs were such that it would not meet constitutional obligations to protect and preserve her Free Expression of Religion.

48. The Fifth Circuit Court of Appeals has made it clear that Plaintiff need not allege the identity of chief policymaker(s) at the pleading stage but need only to plead enough factual matter to permit a reasonable inference of involvement by the relevant County policymakers. At this stage of litigation, Plaintiff does not have access to or personal knowledge of the specific details regarding the existence or absence of Defendants' internal policies and/or training procedures. Plaintiff's burden is to merely place Defendants on fair notice of the grounds for which they are being sued.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### The Religious Land Use and Institutionalized Persons Act
### (42 U.S.C. § 2000cc)

49. Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

50. The Religious Land Use and Institutionalized Persons Act (hereinafter "RLUIPA") provides, in relevant part, the following: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person - (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2).

51. At all relevant times, Defendants met the definition of the term "government" under RLUIPA. *See* 42 U.S.C. § 2000cc-5(4)(A)(i)-(iii).

52. At all relevant times, the locations where the City of Carrollton and the City of Irving detain and photograph arrestees (including, but not limited to, the City of Carrollton Jail, Carrollton, Texas, and the City of Irving Jail, Irving, Texas, where the events detailed above transpired) are federally funded "institutions" as defined under the RLUIPA and the Civil Rights of Institutionalized Persons Act of 1980 ("CRIPA"), 42 U.S.C. § 1997(1)(B)(ii)-(iii).

53. At all relevant times, Plaintiff was "confined to institutions" as defined under RLUIPA when the events alleged above transpired.

54. Defendants' acts or omissions, policies, and customs substantially burdened Plaintiff's religious exercise by requiring them to remove their religious head coverings while they were residing in or confined to locations where the Cities of Carrollton and Irving detain and photograph arrestees.

55. Defendants' acts or omissions, policies, and customs do not further a compelling government interest.

56. Defendant's acts or omissions, policies, and customs are not the least restrictive means of furthering a compelling government interest.

57. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

## SECOND CAUSE OF ACTION
### Free Exercise Clause
### (42 U.S.C. § 1983)

58. Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

59. 42 U.S.C. § 1983 prohibits any person acting under color of state law, custom, or usage to deprive a citizen of rights secured by the Constitution.

60. At all relevant times, Defendants acted under the color of state law.

61. Under the First Amendment of the Constitution of the United States of America, Plaintiff has the right to freely exercise her religion.

62. Under the Fourteenth Amendment of the Constitution of the United States of America, Plaintiff has the right to be free from discrimination based on her race

63. By forcing Plaintiff to remove her hijab for post-arrest photographs, transport, and confinement, and by touching her hair, Defendants deprived Plaintiff of her right to freely exercise their religion in contravention of the First Amendment's Free Exercise Clause as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

64. At all times relevant hereto, Defendants acted pursuant to a policy or custom which denies inmates Free Exercise of Religion.

65. Defendants City of Carrollton and City of Irving, vis-à-vis, the Carrollton and Irving Police Departments, failed to adopt clear policies and failed to properly train its deputies as to the photographing and booking of those with religious headwear.

66. Defendants City of Carrollton and City of Irving's policies or customs, and/or their failure to adopt clear policies and failures to properly train their deputies, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

67. Plaintiff has sustained damages, and has suffered and continue to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

### THIRD CAUSE OF ACTION
### Freedom of Worship (Tex. Const. art I, §6)

68. Plaintiff repeats and realleges the above paragraphs as though they were fully set forth herein.

69. Texas Constitution Article I, section 6 states, "No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion."

70. By forcing Plaintiff to remove her hijab for post-arrest photographs, transport, and confinement, Defendants interfered with her right to wear a head covering as her religion mandates. The forced removal of her hijab burdened her free exercise to religion.

71. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

### FOURTH CAUSE OF ACTION
### Texas Religious Freedom and Restoration Act
### (Tex. Civ. Prac. & Rem. Code Sec. 110.003)

72. Under the Texas Religious Freedom and Restoration Act, "A government agency may not substantially burden a person's free exercise of religion."

73. By forcing Plaintiff to remove her hijab for post-arrest photographs, transport, and confinement, the Defendants interfered with her right to wear a hijab as her religion mandates. The forced removal of her hijab burdened her free exercise to religion.

74. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has sustained damages, and has suffered and continue to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

## FIFTH CAUSE OF ACTION
### Intentional Inflection of Emotional Distress

75. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

76. Defendant John Doe 2 intentionally or recklessly engaged in extreme and outrageous conduct that proximately caused severe emotional distress.

## SIXTH CAUSE OF ACTION
### Declaratory Judgment
### (Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-02)

77. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

78. Defendants' conduct was intentional and made with reckless indifference to Plaintiff's religious rights.

79. Plaintiff's rights to freely exercise her religion was infringed upon and substantially burdened by Defendants' conduct.

80. Defendants' policy and custom of forcing the removal of religious head coverings for post-arrest photographs, transport, and confinement, including the head coverings worn by Plaintiff, is an unlawful and unconstitutional practice that infringes upon Plaintiff's rights to freely exercise her religion without the interference of substantially burdensome government conduct.

81. Defendants' policy, practice, and custom caused and continues to harm Plaintiff as it continues to possess and maintain photographs of Plaintiff without a hijab.

82. Plaintiff is entitled to a declaratory judgment that Defendants infringed upon and substantially burdened their religious free exercise and continues to substantially burden their religious free exercise in violation of federal and state law and the United States Constitution.

83. Plaintiff has a strong likelihood of succeeding on the merits of their claims.

## ATTORNEYS' FEES

84. If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that the Court:

1. Declares Defendants' discriminatory practices violate the RLUIPA, 42 U.S.C. § 2000cc *et seq*., the Free Exercise Clause of the First Amendment to the United States Constitution, the Texas Constitution and the Texas Religious Freedom and Restoration Act;

2. Enjoins Defendants, Defendants' agents, employees, and successors, and all other persons in active concert or participation with Defendants, from requiring the removal of any religious head or hair coverings while an arrestee or detainee is in Denton County's custody;

3. Require Defendants to remove, delete, and permanently destroy any photographs from all databases offending Plaintiff's rights to wear hijab;

4. Require Defendants to adopt nondiscriminatory policies and practices to prevent encroachment on the religious rights of arrestees and detainees in the future;

5. Award compensatory relief to Plaintiff as a direct and proximate result of the occurrence which made the basis of this lawsuit, Plaintiff was forced to suffer including emotional distress, torment, mental anguish, physical pain and suffering, and any economic damages;

6. Award compensatory and punitive damages against all Defendants in their individual capacities for the above violations of law;

7. A jury trial on all appropriate issues;

8. Award the Plaintiff's attorneys' fees and costs under 42 U.S.C. § 1988 and state law;

9. Grant such further relief as the Court deems just, equitable and proper.

By:    /s/ Huma T. Yasin
Huma T. Yasin, Esq.
Texas Bar No. 24115971
**SPANGLER LAW PLLC**
400 North Saint Paul St., Suite 750
Dallas, TX 75201
P: 214-932-3030 | F: 214-346-5909
hyasin@spanglerlaw.com

/s/ David Burns
David Burns, Esq.
Texas Bar No. 24126298
**SPANGLER LAW PLLC**
400 North Saint Paul St., Suite 750
Dallas, TX 75201
P: 972-454-3611 | F: 214-346-5909
dburns@spanglerlaw.com

/s/Marwa Elbially
Marwa Elbially, Esq.
**ELBIALLY LAW OFFICE, PLLC**
704 East 15th Street, Suite 204
Plano, TX 75074
T: 972.423.7330
E: info@elbiallylaw.com
TX Bar No. 24090089
PLAINTIFFS' ATTORNEYS