IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BAHEEJAH AALIYAH FAREED §<br>Plaintiff, §<br>§<br>v. §<br>§<br>CITY OF CARROLLTON, CITY §<br>OF IRVING, JOHN DOES 1-5 §<br>Defendants. § | <br><br><br>CIVIL ACTION NO. 3:24-cv-03251-N<br>ECF<br><br><br> |

### CITY OF IRVING'S ORIGINAL ANSWER

Defendant City of Irving ("City") files this Original Answer in response to Plaintiff's Original Complaint. To the extent possible, the City has numbered and entitled its paragraphs to correspond to the numbers and titles of the paragraphs in Plaintiff's Original Complaint. The City respectfully shows the Court:

### PARTIES

1. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 1 of Plaintiff's Original Complaint.

2. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 2 of Plaintiff's Original Complaint.

3. The City admits the allegations in paragraph 3 of Plaintiff's Original Complaint.

4. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 4 of Plaintiff's Original Complaint.

5. The City denies the allegations in paragraph 5 of Plaintiff's Original Complaint.

6. The City denies the allegations in paragraph 6 of Plaintiff's Original Complaint.

7. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 7 of Plaintiff's Original Complaint.

8. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 8 of Plaintiff's Original Complaint.

9. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 9 of Plaintiff's Original Complaint.

## JURY DEMAND

12. The City also requests a trial by jury on all matters triable before a jury in this case.

## JURISDICTION AND VENUE

13. The City admits the allegations in paragraph 13 of Plaintiff's Original Complaint.

14. The City admits the allegations in paragraph 14 of Plaintiff's Original Complaint.

## STATEMENT OF FACTS

15. The City denies the allegations in paragraph 15 of Plaintiff's Original Complaint.

16. The City denies the allegations in paragraph 16 of Plaintiff's Original Complaint.

17-20. Plaintiff's pleading strategy set forth in paragraphs 17-20 of her Original Complaint are not allegations against the City requiring an admission or denial under Fed. R. Civ. P. 8(b). To the extent necessary, the City denies any allegations against it set forth in those paragraphs.

21. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 21 of Plaintiff's Original Complaint.

22-33. The City is without knowledge or information sufficient to admit or deny the allegations in paragraphs 22-33 of Plaintiff's Original Complaint, all of which concern her interactions with the City of Carrolton and its employees.

34. The City admits the allegations in paragraph 34 of Plaintiff's Original Complaint.

35. The City denies the allegations in paragraph 35 of Plaintiff's Original Complaint.

36. The City denies the allegations in paragraph 36 of Plaintiff's Original Complaint.

37. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 37 of Plaintiff's Original Complaint.

38. The City admits that an Irving detention officer took a book-in photograph of Plaintiff without her hijab.

39. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 39 of Plaintiff's Original Complaint.

40. The City denies the allegations in paragraph 40 of Plaintiff's Original Complaint.

41. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 41 of Plaintiff's Original Complaint.

42. The City denies the allegations in paragraph 42 of Plaintiff's Original Complaint.

43. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 43 of Plaintiff's Original Complaint.

44. The City denies the allegations in paragraph 44 of Plaintiff's Original Complaint.

45. The City admits that it received a Notice of Suit regarding this matter on or about August 2, 2024.

46. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 46 of Plaintiff's Original Complaint.

47. The City denies the allegations in paragraph 47 of Plaintiff's Original Complaint.

48. Plaintiff's statement regarding caselaw set forth in paragraph 48 of her Original Complaint are not allegations against the City requiring an admission or denial under Fed. R. Civ. P. 8(b). To the extent necessary, the City denies any allegations against it set forth in this paragraph.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**The Religious Land Use and Institutionalized Persons Act.**
**(42 U.S.C. §2000cc)**

49. The City also repeats its responses to the above paragraphs as if fully set forth herein.

50. Plaintiff's recitation of RLUIPA set forth in paragraph 50 of her Original Complaint is not an allegation against the City requiring an admission or denial under Fed. R. Civ. P. 8(b).

51. The City denies the allegations in paragraph 51 of Plaintiff's Original Complaint.

52. The City denies the allegations in paragraph 52 of Plaintiff's Original Complaint.

53. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 53 of Plaintiff's Original Complaint.

54. The City denies the allegations in paragraph 54 of Plaintiff's Original Complaint.

55. The City denies the allegations in paragraph 55 of Plaintiff's Original Complaint.

56. The City denies the allegations in paragraph 56 of Plaintiff's Original Complaint.

57. The City denies the allegations in paragraph 57 of Plaintiff's Original Complaint.

### SECOND CAUSE OF ACTION
### Free Exercise Clause
### (42 U.S.C. §1983)

58. The City also repeats its responses to the above paragraphs as if fully set forth herein.

59. Plaintiff's statement regarding the scope of 42 U.S.C. §1983 set forth in paragraph 59 of her Original Complaint is not an allegation against the City requiring an admission or denial under Fed. R. Civ. P. 8(b).

60. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 60 of Plaintiff's Original Complaint.

61. Plaintiff's statement regarding the First Amendment set forth in paragraph 61 of her Original Complaint is not an allegation against the City requiring an admission or denial under Fed. R. Civ. P. 8(b).

62. Plaintiff's statement regarding the Fourteenth Amendment set forth in paragraph 62 of her Original Complaint is not an allegation against the City requiring an admission or denial under Fed. R. Civ. P. 8(b).

63. The City denies the allegations in paragraph 63 of Plaintiff's Original Complaint.

64. The City denies the allegations in paragraph 64 of Plaintiff's Original Complaint.

65. The City denies the allegations in paragraph 65 of Plaintiff's Original Complaint.

66. The City denies the allegations in paragraph 66 of Plaintiff's Original Complaint.

67. The City is without knowledge or information sufficient to admit or deny the allegations in paragraph 67 of Plaintiff's Original Complaint.

## THIRD CAUSE OF ACTION
### Freedom of Worship (Tex. Const. art I, §6)

68. The City also repeats its responses to the above paragraphs as if fully set forth herein.

69. Plaintiff's statement regarding the Texas Constitution set forth in paragraph 69 of her Original Complaint is not an allegation against the City requiring an admission or denial under Fed. R. Civ. P. 8(b).

70. The City denies the allegations in paragraph 70 of Plaintiff's Original Complaint.

71. The City denies the allegations in paragraph 71 of Plaintiff's Original Complaint.

## FOURTH CAUSE OF ACTION
### Texas Religious Freedom and Restoration Act.
### (Tex. Civ. Prac. & Rem Code Sec. 110.003)

72. Plaintiff's statement regarding the Texas Religious and Restoration Act in paragraph 72 of her Original Complaint is not an allegation against the City requiring an admission or denial under Fed. R. Civ. P. 8(b).

73. The City denies the allegations in paragraph 73 of Plaintiff's Original Complaint.

74. The City denies the allegations in paragraph 74 of Plaintiff's Original Complaint.

### FIFTH CAUSE OF ACTION
### Intentional Inflection of Emotional Distress

75.     The City also repeats its responses to the above paragraphs as if fully set forth herein.

76.     John Doe 2 is not alleged to be a City of Irving employee. Therefore, the City will not respond to paragraph 76 of Plaintiff's Original Complaint.

### SIXTH CAUSE OF ACTION
### Declaratory Judgment
### (Fed. R. Civ. P. 57 and U.S.C. §§2201-02)

77.     The City also repeats its responses to the above paragraphs as if fully set forth herein.

78.     The City denies the allegations in paragraph 78 of Plaintiff's Original Complaint.

79.     The City denies the allegations in paragraph 79 of Plaintiff's Original Complaint.

80.     The City denies the allegations in paragraph 80 of Plaintiff's Original Complaint.

81.     The City denies the allegations in paragraph 81 of Plaintiff's Original Complaint.

82.     The City denies the allegations in paragraph 82 of Plaintiff's Original Complaint.

83.     The City denies the allegations in paragraph 83 of Plaintiff's Original Complaint.

### ATTORNEYS' FEES

84.     The City denies the allegations in paragraph 84 of Plaintiff's Original Complaint.

### PRAYER FOR RELIEF

Plaintiff's requests for relief in paragraphs 1-9 of her Prayer for Relief section are not allegations against the City requiring an admission or denial under Fed. R. Civ. P. 8(b). To the extent necessary, the City denies that Plaintiff is entitled to any relief, including the relief specified in paragraphs 1-6 and 8-9 of her Prayer for Relief section.

### CONCLUSION

The City respectfully prays that: (1) Plaintiff take nothing by this suit; (2) all relief requested by Plaintiff be denied; (3) the City recover all costs of suit and attorney's fees; and (4) for such

other and further relief, general or special, at law and in equity, to which the City may be justly entitled.

        Respectfully submitted,

        **CITY ATTORNEY'S OFFICE**
        **CITY OF IRVING, TEXAS**

        */s/ Janet Spugnardi*
        **JANET SPUGNARDI**
        Deputy City Attorney
        SBOT No. 24039192
        jspugnardi@cityofirving.org
        **JASON McCLAIN**
        Senior Assistant City Attorney
        SBOT No. 00797032
        jmcclain@cityofirving.org
        825 West Irving Boulevard
        Irving, Texas 75060
        Telephone: 972.721.2541
        Facsimile:  972.721.2750

        **ATTORNEYS FOR CITY OF IRVING**

## CERTIFICATE OF SERVICE

I certify that on January 21, 2024, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

        */s/ Janet Spugnardi*
        **JANET SPUGNARDI**
        Deputy City Attorney