UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **Baheejah Aaliyah Fareed,**<br><br>Plaintiff;<br><br>v.<br><br>**City of Carrollton, et al.,**<br><br>Defendants. | Case No. 3:24-cv-3251 |

### DEFENDANT CITY OF CARROLLTON'S MOTION FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e)

Defendant, City of Carrollton ("Carrollton"), files this its Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) in response to Plaintiff's Complaint. In support, Carrollton respectfully shows the Court the following:

### ARGUMENT AND AUTHORITIES

1. **Plaintiff's RLUIPA, § 1983, Texas Constitution, and TRFRA claims (Causes of Action 1-4) should be re-pled with sufficient clarity to identify the specific religious practices at issue against Carrollton.**

Plaintiff's Complaint fails to fully state the specific religious practice or belief that has been alleged violated by Carrollton. As such, Carrollton respectfully requests under Federal Rule of Civil Procedure 12(e) that this Court order Plaintiff to replead with sufficient clarity and factual specificity underlying religious practice or belief at issue in the claims against Carrollton. In the lawsuit, Plaintiff asserts claims against not only Carrollton but also co-Defendant City of Irving and John Does 1–5. Against all Defendants, Plaintiff brings claims for alleged violations of her

religious exercise under the following: (1) 42 U.S.C. § 2000cc, Religious Land Use and Institutionalized Persons Act ("RLUIPA"), (2) 42 U.S.C. § 1983, (3) Texas Constitution, article I, § 6, and (4) Texas Civil Practice & Remedies Code § 110.003, Texas Religious Freedom and Restoration Act ("TRFRA").

In support of her RLUIPA claim, Plaintiff generally states, "Defendants' acts or omissions, policies, and customs substantially burdened Plaintiff's religious exercise by requiring them to remove their religious head coverings while they were residing in or confined to locations where the Cities of Carrollton and Irving detain and photograph arrestees."[1] In support of her other three causes of action against all Defendants, she states Defendants deprived her of her rights "[b]y forcing Plaintiff to remove her hijab for post-arrest photographs, transport, and confinement, and by touching her hair."[2] Despite generally assigning this conduct to all Defendants in these paragraphs, Plaintiff does not allege Carrollton engaged in all said conduct elsewhere in her Complaint.

Earlier in the Complaint, Plaintiff asserts that Carrollton officers "forced Baheejah Aaliyah Fareed to remove her religiously mandated hair covering . . . upon entering the City of Carrollton jail [and] withheld her hijab the entire time she was in custody[.]"[3] Yet, even this statement is inconsistent with other allegations. Plaintiff goes on to allege that during intake John Doe 2 "placed his hands directly on her hijab, unpinned the safety pin attaching the fabric around her face, removed her hijab from her head exposing her hair, and then placed the hijab on the desk in front of her."[4] Plaintiff states that she was able to reach over and place her hijab back on and secure it with a pin prior to her transport to Irving.[5] Contrary to her prior conclusory statement that the

---

[1] ECF (Doc. 1), Pl.'s Compl., ¶ 54.
[2] *Id.* at ¶¶ 63, 70, & 73.
[3] *Id.* at ¶ 15.
[4] *Id.* at ¶ 27.
[5] *Id.* at ¶ 33.

hijab was withheld, Plaintiff's factual allegations show the hijab was placed on a table in front of her and she was able to put it back on without permission.

Further, with regard to her description of her religious beliefs, Plaintiff states that "is a devout Muslim woman who observes the mandatory religious practice of covering her hair with a hijab"[6] and "thus was religiously prohibited from removing her hijab in public."[7] However, her asserted claims against all Defendants, including Carrollton, extend beyond her removing her hijab in public. In order for Carrollton to fully respond or answer Plaintiff's allegations, it must be able to know the specific religious beliefs that Plaintiff asserts and the specific conduct of Carrollton's officers that Plaintiff alleges impacted such beliefs. By making inconsistent and cumulative allegations, Plaintiff's claims as currently asserted are ambiguous.

This ambiguity frustrates and constrains Carrollton's ability to respond and assess what motions may be appropriate. "When presented with an appropriate . . . motion for a more definite statement, the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief. Indeed, even when a defendant has not formally expressed the need for a definite statement, the district court has the discretion to order a more definite statement[.]"[8] In this case, a review of the various allegations and complained-of conduct in counts 1–4 clearly establishes the ambiguity preventing proper response. The intent of a Rule 12(e) motion is to allow a party to obtain enough information to draft a proper responsive pleading and is appropriately used to promote such a result.[9] Accordingly, Carrollton requests such relief pursuant to Rule 12(e) of the Federal Rules of Civil

---

[6]   *Id.* at ¶ 21.
[7]   *Id.* at ¶ 24.
[8]   *Thomas v. Independence Township*, 463 F.3d 285, 301 (3d Cir. 2006); *see also Havens Realty Corp. v. Coleman*, 455 U.S. 363, 383-84 (1982).
[9]   *Id.*

Procedure and asks this Court to order Plaintiff to replead with specificity about the particular religious beliefs at issue and the conduct of Carrollton's officers that allegedly abridged same.

## CONCLUSION

For these reasons, Defendant, City of Carrollton, respectfully asks this Court to grant this motion in its entirety and order Plaintiff to replead with a more definite statement about the specific religious beliefs at issue and the conduct of Carrollton's officers that allegedly abridged same.

Respectfully submitted,

By: */s/ Darrell G-M Noga*
DARRELL G-M NOGA
Texas Bar No. 00785326
dnoga@feesmith.com
CHRISTOPHER A. KLEMENT
Texas Bar No. 24090212
cklement@feesmith.com
**FEE, SMITH, & SHARP LLP**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone:  (972) 934-9100
Facsimile:   (972) 934-9200

ATTORNEYS FOR DEFENDANT
CITY OF CARROLLTON

## CERTIFICATE OF SERVICE

On January 21, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By: */s/ Darrell G-M Noga*
DARRELL G-M NOGA