UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Baheejah Aaliyah Fareed,<br><br>          Plaintiff;<br><br>v.<br><br>City of Carrollton, et al.,<br><br>          Defendants. | Case No. 3:24-cv-3251 |

**DEFENDANT CITY OF CARROLLTON'S PARTIAL MOTION TO DISMISS UNDER RULE 12(b)(6) AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................................. II

TABLE OF AUTHORITIES ......................................................................................................................... III

SUMMARY ....................................................................................................................................................... 1

ARGUMENT AND AUTHORITIES ............................................................................................................ 2

1.     Standard of review. ........................................................................................................................ 2

2.     Plaintiff fails to plead a plausible claim of relief against Carrollton for municipal liability under 42 U.S.C. § 1983. ............................................................................................... 3

    a.     Plaintiff's § 1983 claim against Carrollton must be dismissed, because she does not sufficiently plead facts supporting the existence of unconstitutional policies or customs. .................................................................................................................. 4

    b.     Plaintiff's § 1983 claim against Carrollton must be dismissed, because she does not sufficiently plead facts supporting a causal link between any unconstitutional policies or customs and her claimed injuries. ............................................................. 6

    c.     Any failure-to-train claim under § 1983 against Carrollton must also be dismissed, because she does not sufficiently plead facts to show an inadequate training policy or deliberate indifference. ............................................................................... 7

3.     Plaintiff's claim arising under article I, § 6 of the Texas Constitution should be dismissed because Plaintiff may not recover monetary damages and her requests for declaratory and injunctive relief are moot. ........................................................................................................ 10

CONCLUSION .............................................................................................................................................. 11

CERTIFICATE OF SERVICE ..................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................................... 3

*Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397 (1997) ............................................ 3, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 2, 3

*Bennett v. City of Slidell*, 735 F.2d 861 (5th Cir. 1984) (en banc) ................................................ 5

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) ........................................................... 2

*City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995) ........................................................ 11

*City of Canton v. Harris*, 489 U.S. 378 (1989) ................................................................................. 8

*Connick v. Thompson*, 563 U.S. 51 (2011) .................................................................................. 4, 5

*El-Hussain v. Dall. Cty.*, No. 3:24-CV-0737-B, 2024 U.S. Dist. LEXIS 183498, 2024 WL 4446997 (N.D. Tex. Oct. 7, 2024) ......................................................................................... 8, 9, 10

*Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375 (5th Cir. 2005) ............ 5

*Ferrer v. Chevron Corp.*, 484 F.3d 776 (5th Cir. 2007) ................................................................... 3

*Gines v. D.R. Horton, Inc.*, 699 F.3d 812 (5th Cir. 2012) ............................................................... 3

*Henderson v. Harris Cty.*, 51 F.4th 125 (5th Cir. 2022) ............................................................ 9, 10

*Hutcheson v. Dallas Cty.*, 994 F.3d 477 (5th Cir. 2021) ................................................................ 10

*In re La. Crawfish Producers*, 772 F.3d 1026 (5th Cir. 2014) ........................................................ 5

*Jackson v. Valdez*, 852 F. App'x 129 (5th Cir. 2021) ....................................................................... 8

*Jaramillo v. Texas*, No. 6:21cv253, 2023 U.S. Dist. LEXIS 139654, 2023 WL 5123456 (E.D. Tex. June 6, 2023) ....................................................................................................................... 11

*Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616 (5th Cir. 2018) ...................................................... 8

*Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978) ............................ 3, 4, 6

*Pembaur v. Cincinnati*, 475 U.S. 469 (1986) .................................................................................. 4

*Peña v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) .................................................... 10

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) .................................................. 3, 4, 7

*Reyes v. N. Tex. Tollway Auth.*, 830 F. Supp. 2d 194 (N.D. Tex. 2011) .......................................... 11

*Reynolds v. City of Commerce*, 853 F. App'x 978 (5th Cir. 2021) .................................................. 11

*Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005) .......................................................... 8

*Sanchez v. Young Cty., Tex.*, 866 F.3d 274 (5th Cir. 2017) ............................................................ 4

*Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162 (5th Cir. 1997) ........................................... 8

*Washington v. Smith*, 639 F. Supp. 3d 625 (E.D. La. 2022) .......................................................... 8

*Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984) ............................................................. 5

*Zarnow v. City of Wichita Falls*, 614 F.3d 161 (5th Cir. 2010) ...................................................... 8

## SUMMARY

In deciding this motion to dismiss, the Court faces the following issues—with all else being immaterial:

1. Whether Plaintiff Baheejah Aaliyah Fareed has made sufficient factual allegations to state a prima facie case for her municipal liability claim against Defendant City of Carrollton ("Carrollton") under 42 U.S.C. § 1983; and

2. Whether Plaintiff has stated a claim under article I, § 6 of the Texas Constitution upon which relief can be granted because her sought-after remedies are mooted.

This lawsuit arises from Plaintiff's arrest for an outstanding warrant on June 14, 2024. Following her arrest, Plaintiff was transported to the City of Carrollton Police Department. Plaintiff alleges that during intake at the Carrollton PD an officer removed her hijab, placed it on a table in front of her, and checked her hair for weapons or contraband.[1] After the search of her hair, Plaintiff put her hijab back on without objection.[2]

Plaintiff brings this lawsuit against Defendants Carrollton, City of Irving, and John Does Nos. 1–5.[3] Plaintiff asserts four causes of action against Carrollton: RLUIPA,[4] violation of the free exercise clause of the First Amendment under § 1983,[5] violation of her freedom to worship under article I, § 6 of the Texas Constitution,[6] and for violation of the Texas Religious Freedom and Restoration Act.[7] For her claims, Plaintiff seeks compensatory damages, declaratory relief, and

---

[1] ECF (Doc. 1), Pl.'s Compl., ¶¶ 23–29.
[2] Id. at ¶ 33.
[3] Id. at ¶¶ 2–5.
[4] Id. at ¶¶ 49–57.
[5] Id. at ¶¶ 58–67.
[6] Id. at ¶¶ 68–71.
[7] Id. at ¶¶ 72–74.

injunctive relief. In this Partial Motion to Dismiss, Carrollton seeks dismissal of Plaintiff's § 1983 and Texas Constitution claims.

First, Plaintiff's Complaint fails to satisfy each element of her § 1983 municipal liability claim against Carrollton. Plaintiff's Complaint fails to make factual allegations that identify an official policy, as required by the first element of a § 1983 municipal liability claim. In addition, Plaintiff also fails to meet her pleading burden to show any alleged policy or custom was the moving force behind her alleged constitutional violation. Because Plaintiff's Complaint lacks sufficient factual allegations to meet her pleading burden, she has failed to state a § 1983 municipal liability claim against Carrollton.

Next, because Plaintiff is no longer being held by the Carrollton PD, her requests for prospective equitable relief have been mooted. Therefore, Plaintiff's freedom of worship claim under the Texas Constitution must also be dismissed.

For these reasons, Plaintiff's § 1983 and Texas Constitution claims against Carrollton fail to state a claim a upon which relief can be granted. Therefore, this Court should grant this motion in its entirety and dismiss Plaintiff's § 1983 and Texas Constitution claims brought against Carrollton with prejudice.

## ARGUMENT AND AUTHORITIES

1.   **Standard of review.**

Under Rule 12(b)(6), a court is authorized to dismiss a complaint when a plaintiff fails to assert a legally sufficient claim for relief.[8] To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[9] To meet

---

[8] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

this "facial plausibility" standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.[10] This requires more than the sheer possibility that the defendant acted unlawfully.[11] When a complaint's well-plead factual allegations are "merely consistent with a defendant's liability," they fail to satisfy the plausibility standard and do not show that plaintiff is entitled to relief.[12]

In considering a Rule 12(b)(6) motion to dismiss, a court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.[13] However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.[14] Moreover, a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[15] "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[16]

2. **Plaintiff fails to plead a plausible claim of relief against Carrollton for municipal liability under 42 U.S.C. § 1983.**

Plaintiff bears the burden to plead facts that plausibly support each element of § 1983 municipal liability claim.[17] Plaintiff has failed to do so. A city may only be liable under § 1983 for acts directly attributable to it through some official action or a general grant of approval.[18] It is well-established that a city is not liable under § 1983 solely because it employs a tortfeasor.[19] A

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Id.* (citing *Twombly*, 550 U.S. at 556).
[12] *Id.* at 678-679.
[13] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).
[14] *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 570 ("[A] formulaic recitation of the elements of a cause of action will not do.").
[15] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).
[16] *Twombly*, 550 U.S. at 555 (internal citations omitted).
[17] *See Iqbal*, 556 U.S. at 678.
[18] *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).
[19] *See, e.g., Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, 694 (1978); *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

city is responsible only for its "**own** illegal acts."[20] "A municipality is almost never liable for an isolated unconstitutional action on the part of an employee."[21]

For this reason, a plaintiff must prove that action taken was done so pursuant to an official policy that caused his injury to conceivably impose liability on a city under § 1983.[22] "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."[23] These three elements are necessary to separate the individual violations of city employees from those fairly identified as actions of the city itself.[24] What is more, mistakes in analyzing § 1983 claims may occur when a court fails to separate the three elements and consider each in light of relevant case law.[25] Plaintiff's Complaint completely fails to meet her pleading burden for each element of *Monell* liability.

a.  **Plaintiff's § 1983 claim against Carrollton must be dismissed, because she does not sufficiently plead facts supporting the existence of unconstitutional policies or customs.**

For the first element of a § 1983 municipal liability claim, a plaintiff must plead facts showing the existence of an official municipal policy or custom.[26] To meet this requirement, a plaintiff must show either (1) an express policy or (2) a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated

---

[20] *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)) (emphasis in original).
[21] *Sanchez v. Young Cty., Tex.*, 866 F.3d 274, 280 (5th Cir. 2017) (quoting *Peterson*, 588 F.3d at 847).
[22] *Id.* (citing *Monell*, 436 U.S. at 691).
[23] *Peterson*, 588 F.3d at 847 (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).
[24] *Piotrowski*, 237 F.3d at 578.
[25] *Id.*
[26] *Id.*

policy, is **so common and well-settled** as to constitute a custom that fairly represents municipal policy."[27]

Outside of rare circumstances, a single incident is insufficient to establish a custom.[28] In fact, prior incidents used to establish a custom "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees."[29] In addition, these prior incidents must point to a pattern of similar specific incident alleged by plaintiff, not simply be all bad or unwise incidents.[30] A complaint must make such factual allegations establishing a pattern of specific incidents in order to "raise a right to relief above the speculative level."[31]

In the instant case, Plaintiff lacks any allegations identifying a specific official policy or custom that caused the alleged constitutional violation. Plaintiff's Complaint fails to identify any written policy. As such, Plaintiff must make sufficient allegations to demonstrate a custom. She has not. Plaintiff appears to allege[32] John Doe 2, an alleged employee of Carrollton, violated her First Amendment rights by removing her hijab to search her hair during intake at the Carrollton PD.[33] However, other than making conclusory statements, Plaintiff's Complaint fails to identify any official policy or custom that requires such actions. At most, Plaintiff alleges that an unidentified jail "manager" stated that "there was no religious exception, and that Mrs. Fareed must remove her hijab."[34] Even if true, such a statement was not from a policymaker and does not

---

[27] *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc) (emphasis added).
[28] *See, e.g., Connick*, 563 U.S. at 63-64; *Piotrowski*, 237 F.3d at 581; *Bennett*, 728 F.2d at 768 n.3.
[29] *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984).
[30] *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (citations omitted).
[31] *In re La. Crawfish Producers*, 772 F.3d 1026, 1029 (5th Cir. 2014).
[32] Carrollton notes that Plaintiff does not clearly state the religious practice allegedly violated by Carrollton's officer. As such, Carrollton has filed a Rule 12(e) motion seeking a definite statement of the allegedly violated religious practice or belief.
[33] Pl.'s Compl., ¶ 27.
[34] *Id.* at ¶ 25.

reflect any knowledge by a policymaker of any "custom." Moreover, the single alleged incident falls well short of meeting her pleading burden to show a pattern of similar specific incidents.

For these reasons, Plaintiff's Complaint fails to make sufficient factual allegations to meet her pleading burden on this first element of a *Monell* claim against Carrollton.

b.   **Plaintiff's § 1983 claim against Carrollton must be dismissed, because she does not sufficiently plead facts supporting a causal link between any unconstitutional policies or customs and her claimed injuries.**

The third element of a § 1983 municipal liability claim requires a plaintiff to prove that a city's policy or custom was the moving force of the violation of a plaintiff's constitutional rights.[35] To prove the policy or custom was the "moving force," there must be a direct causal link between the municipal policy and a plaintiff's alleged constitutional deprivation. The United States Supreme Court highlighted the importance of the causation element in *Monell* when explaining that Congress specifically provided that A's tort becomes B's liability only if B caused A to subject another to a tort.[36] Therefore, § 1983 municipal liability does not attach where the third element of causation is absent.[37]

Because Plaintiff cannot identify a policy, she similarly has not made factual allegations showing any official policy was the moving force behind a violation of a constitutional right. Instead, Plaintiff makes only the following conclusory statement in support of her § 1983 municipal liability claim:

> At all times relevant hereto, Defendants acted pursuant to a policy or custom which denies inmates Free Exercise of Religion.[38]

---

[35] *Piotrowski*, 237 F.3d at 578.
[36] *Monell*, 436 U.S. at 692.
[37] *Id.*
[38] Pl.'s Compl., ¶ 64.

In its entirety, this statement falls short of being a threadbare recital of the elements—much less meet the factual pleading burden for a *Monell* claim.

Notably, Plaintiff also vaguely makes allegations against both Defendant Carrollton and Irving for conduct in which only one city allegedly engaged. Plaintiff states that "Defendants" violated the First Amendment "[b]y forcing Plaintiff to remove her hijab for post-arrest photographs, transport, and confinement, and by touching her hair[.]"[39] Yet, by Plaintiff's own allegations, Carrollton's officers did not "remove her hijab for post-arrest photographs, transport, and confinement." Of this list, Plaintiff alleges only that a Carrollton officer touched her hair while searching it during intake. However, while Plaintiff describes this as "assault," her Complaint fails to alleged that "touching her hair" violates her religious practices. As such, it is entirely unclear which alleged "policy" would have caused any violation of her rights.

For these reasons, Plaintiff's Complaint fails to satisfy this third element of a municipal liability claim under *Monell*. As such, this Court must dismiss Plaintiff's § 1983 municipal liability claim against Carrollton with prejudice.

c. **Any failure-to-train claim under § 1983 against Carrollton must also be dismissed, because she does not sufficiently plead facts to show an inadequate training policy or deliberate indifference.**

Moreover, to the extent Plaintiff asserts a § 1983 claim under the failure-to-train theory, she has also failed to meet her pleading burden. "The failure to train can amount to a policy if there is deliberate indifference to an obvious need for training where citizens are likely to lose their constitutional rights[.]"[40] "[I]n order to state a claim for *Monell* liability for failure to train or supervise, plaintiffs must allege that (1) the municipality's training or supervisory policies or

---

[39] *Id.* at ¶ 63.
[40] *Peterson*, 588 F.3d at 849.

practices were inadequate, (2) the municipality was deliberately indifferent in adopting those polices or practices, and (3) the policies or practices caused plaintiffs' constitutional injuries."[41] "A plaintiff must plausibly plead each element to allege a failure-to-train theory."[42]

To satisfy the first element of such a claim, a plaintiff "must allege with specificity how a particular . . . program is defective."[43] "[A] complaint's description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts."[44]

"There are two ways to plead deliberate inference: (1) by alleging a pattern of constitutional violations, or (2) by alleging a single incident in which 'the risk of constitutional violations was or should have been an obvious or highly predictable consequence of the alleged training inadequacy.'"[45] "A plaintiff can allege a pattern of constitutional violations by alleging that constitutional rights violations happen 'so often' that it creates an inference that 'the need for further training must have been plainly obvious to the . . . policymakers.'"[46] "In the absence of a pattern of constitutional violations, a plaintiff may allege 'a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation.'"[47] "This single-incident exception applies where 'the risk of constitutional violations was or should have been an obvious or highly predictable consequence of the alleged training inadequacy.'"[48] "For a violation to be highly

---

[41] *Washington v. Smith*, 639 F. Supp. 3d 625, 652 (E.D. La. 2022); *Jackson v. Valdez*, 852 F. App'x 129, 135 (5th Cir. 2021).
[42] *El-Hussain v. Dall. Cty.*, No. 3:24-CV-0737-B, 2024 U.S. Dist. LEXIS 183498, at *13, 2024 WL 4446997 (N.D. Tex. Oct. 7, 2024)
[43] *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005)).
[44] *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).
[45] *El-Hussain*, 2024 U.S. Dist. LEXIS 183498 at *15 (quoting *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018)).
[46] *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).
[47] *Id.* (quoting *Brown*, 520 U.S. at 409).
[48] *Id.* (quoting *Littell*, 894 F.3d at 624).

predictable, the municipality must have failed to train its employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face."[49] "The single-incident exception is 'extremely narrow,' and 'is generally reserved for those cases in which the government actor was provided no training whatsoever.'"[50]

Here, Plaintiff fails to make factual allegations in support of any of the failure-to-train elements. First, Plaintiff lacks any specific allegations describing how any Carrollton training is defective. Plaintiff merely offers the conclusory statement that Carrollton "failed to adopt clear policies and failed to properly train its deputies (sic) as to the photographing and booking of those with religious headwear."[51] To make it easy on this Court, District Judge Boyle recently found in *El-Hussain v. Dallas County* that this verbatim statement was insufficient to plead a § 1983 failure-to-train claim. Much like in *El-Hussain*, the Plaintiff fails to allege any facts about Carrollton's training program that would permit this Court to plausibly conclude any training was inadequate.

In addition, Plaintiff fails to make any factual allegations showing Carrollton was deliberately indifferent in adopting its training. As discussed above herein, Plaintiff's Complaint does not allege a pattern of similar violations of the First Amendment. In contrast, Plaintiff alleges only a single incident.

Plaintiff also fails to demonstrate either requirement to establish the application of the single-incident doctrine. First, Plaintiff does not allege that Carrollton provided no training. Instead, Plaintiff alleges only that Carrollton "failed to adopt clear policies and failed to properly train its deputies (sic)[.]"[52] Because Plaintiff has not pled that "no training" existed, she cannot

---

[49] *Id.* at *15–16 (citation omitted).
[50] *Id.* at *16 (quoting *Henderson v. Harris Cty.*, 51 F.4th 125, 131 (5th Cir. 2022)).
[51] Pl.'s Compl., ¶ 65.
[52] *Id.*

show that Carrollton was deliberately indifferent.[53] Furthermore, Plaintiff's statements that Carrollton failed to "adopt clear policies" or "properly train its deputies (sic)"[54] are merely unsupported conclusory statements, which are insufficient to survive a motion to dismiss.

Second, Plaintiff fails to make factual allegations that the alleged First Amendment violation was "highly predictable." Plaintiff's Complaint does not demonstrate that the alleged failure to train regarded "a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face."[55] Like the plaintiffs in *El-Hussain*, Plaintiff merely pleads that by removing her hijab Carrollton "alienates faith communities throughout Dallas County[.]"[56] In *El-Hussain*, District Judge Boyle offered the following analysis of such a statement: "Without alleging facts to support Plaintiffs' conclusion that this caused alienation, this claim, too, is 'conclusory' and lacks the 'specific facts' required at the pleadings stage."[57] In the instant case, Plaintiff also fails to allege facts in support of this statement.

For these reasons, Plaintiff's Complaint fails to satisfy her pleading burden to assert a failure-to-train claim under *Monell*. As such, this Court must dismiss any § 1983 failure-to-train claim against Carrollton with prejudice.

3.      **Plaintiff's claim arising under article I, § 6 of the Texas Constitution should be dismissed because Plaintiff may not recover monetary damages and her requests for declaratory and injunctive relief are moot.**

Plaintiff's freedom of worship claim under the Texas Constitution must also be dismissed for a lack of available remedies. "Texas does not recognize a private cause of action for money

---

[53] *El-Hussain*, 2024 U.S. Dist. LEXIS 183498 at *17 (citing *Hutcheson v. Dallas Cty.*, 994 F.3d 477, 483 (5th Cir. 2021)).
[54] Pl.'s Compl., ¶ 65.
[55] *Henderson*, 51 F.4th at 131.
[56] Pl.'s Compl., ¶ 16.
[57] *El-Hussain*, 2024 U.S. Dist. LEXIS 183498 at *18 (citing *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018)).

damages for a violation of the Texas Constitution."[58] Therefore, equitable relief is the only available remedy for a claim brought under the Texas Constitution. "To plead a claim under the Texas Constitution, a plaintiff must plausibly allege that her rights under the Texas Constitution were violated and that she is entitled to equitable relief."[59] Here, Plaintiff's requests for declaratory and injunctive relief have been mooted because she is no longer in the custody of the Carrollton PD or at its jail. Without any available remedy for her freedom of worship claim, this Court must dismiss the claim against Carrollton with prejudice.

## Conclusion

For these reasons, Defendant, City of Carrollton, Texas, asks this Court to grant this motion to dismiss for failure to state claims upon which relief can be granted, dismiss with prejudice Plaintiff's claims brought under § 1983 and the Texas Constitution against Carrollton, and that Plaintiff take nothing by these claims against the City.

---

[58] *Jaramillo v. Texas*, No. 6:21cv253, 2023 U.S. Dist. LEXIS 139654, *22-23, 2023 WL 5123456 (E.D. Tex. June 6, 2023) (citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995)); *see also Reyes v. N. Tex. Tollway Auth.*, 830 F. Supp. 2d 194, 208 (N.D. Tex. 2011).

[59] *El-Hussain*, 2024 U.S. Dist. LEXIS 183498 at *19 (citing *Reynolds v. City of Commerce*, 853 F. App'x 978, 980 (5th Cir. 2021)).

                        Respectfully submitted,

By:   */s/ Darrell G-M Noga*
        DARRELL G-M NOGA
        Texas Bar No. 00785326
        dnoga@feesmith.com
        CHRISTOPHER A. KLEMENT
        Texas Bar No. 24090212
        cklement@feesmith.com
        **FEE, SMITH, & SHARP LLP**
        Three Galleria Tower
        13155 Noel Road, Suite 1000
        Dallas, Texas 75240
        Telephone:  (972) 934-9100
        Facsimile:   (972) 934-9200

**ATTORNEYS FOR DEFENDANT
CITY OF CARROLLTON**

### CERTIFICATE OF SERVICE

On January 21, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By:   */s/ Darrell G-M Noga*
        DARRELL G-M NOGA