IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BAHEEJAH FAREED,                    §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §          Civil Action No. 3:24-CV-3251-N
                                    §
CITY OF CARROLLTON, *et al.*,       §
                                    §
        Defendants.                 §

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant City of Carrollton's ("Carrollton") partial motion to dismiss [10] and motion for a more definite statement [9]. Because the Court finds that Plaintiff Baheejah Fareed has failed to sufficiently allege a policy for section 1983 liability and has failed to plead facts to show a continuing harm or real and immediate threat of repeated injury to support a claim for equitable relief, the Court dismisses her section 1983 and Texas Constitution claims. Then, because the Court finds that the remaining claims are vague, contradictory, or do not sufficiently put Carrollton on notice of her allegations, the Court grants the motion for a more definite statement. Finally, the Court grants Fareed leave to amend her complaint.

### I. ORIGINS OF THE MOTION

This case arises out of the arrest of Baheejah Fareed. Fareed is a Muslim woman who wears a religiously mandated head covering, a hijab, in public. Pl.'s Compl. ¶ 21 [1]. Carrollton police arrested her during a traffic stop when the police learned of an

MEMORANDUM OPINION & ORDER – PAGE 1

outstanding warrant on Fareed for failure to maintain vehicular insurance. *Id.* ¶ 22. The arresting officer transported her to the Carrollton Police Department, where as part of the intake process, the officers directed Fareed to remove her hijab. *Id.* ¶ 23. Fareed objected and explained that she could not remove the hijab for religious reasons. *Id.* ¶ 24. One Carrollton police officer, who presented himself as a "manager," told Fareed that there was no religious exception under which she could reasonably object. *Id.* ¶ 25. Fareed reasserted her right to retain her head covering. *Id.* ¶ 26. Despite her objections, another officer approached, removed her hijab, and searched her hair with his hands. *Id.* ¶ 27–29. Fareed then replaced her hijab. *Id.* ¶ 33. She was then transported to the City of Irving jail. *Id.* Because the actions at the jail are unrelated to the actions of the City of Carrollton, the Court will not detail them here.

Fareed brought this suit against the City of Carrollton; John Does 1 and 2, who are Carrollton police officers; the City of Irving; John Does 3 and 4, supervisors at the City of Irving jail; and John Doe 5, a City of Irving police office staff member. *Id.* ¶¶ 1–9, 25, 27, 36, 38. She brings claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 1983 for violation of the Free Exercise Clause, the Texas Constitution's Freedom of Worship clause, the Texas Religious Freedom and Restoration Act ("TRFRA"), and for intentional infliction of emotional distress. *Id.* ¶¶ 49–76. She also seeks declaratory judgment regarding a photograph taken of her without her hijab and retained by the City of Irving. *Id.* ¶ 77–83. However, this claim is not relevant for defendant City of Carrollton here.

MEMORANDUM OPINION & ORDER – PAGE 2

Carrollton brings this motion to dismiss the section 1983 and Texas Constitution claims against Carrollton. Carrollton also brings a motion for a more definite statement for the RLUIPA, section 1983, Texas Constitution, and TRFRA claims.

## I. LEGAL STANDARDS
### A. Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### B. Rule 12(e)

Under Federal Rule of Civil Procedure 12(e), a motion for a more definite statement may be filed when "a pleading to which a responsive pleading is allowed . . . is so vague or ambiguous that the party cannot reasonably prepare a response." As a general matter, motions for a more definite statement are disfavored. *Russell v. Grace Presbyterian Vill.*, 2005 WL 1489579, at *3 (N.D. Tex. 2005). "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede its ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 946 (N.D. Tex. 2014) (internal quotation marks omitted).

### II. FAREED FAILS TO SHOW A POLICY TO SUPPORT HER SECTION 1983 CLAIMS

Fareed asserts a section 1983 claim against Carrollton for the actions of the individual defendants. She alleges that her constitutional deprivation arose because the "City of Carrollton burdened and prevented [her] ability to freely exercise her religion throughout her period of confinement" by the removal of her hijab by a Carrollton police officer in the presence and with the support of "several City of Carrollton employees, including a supervisor." Pl.'s Resp. 8.

MEMORANDUM OPINION & ORDER – PAGE 4

### A. Monell *Liability Standard*

Section 1983 does not permit vicarious liability for municipalities. A "municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978) (emphasis in original). Municipality or corporate liability under section 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). If plaintiffs do not sufficiently plead all three elements, they run the risk of collapsing their claim into one of *respondeat superior* liability. *Id.* at 580.

There are three ways of defining an "official custom or policy" for the purposes of *Monell* liability:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

MEMORANDUM OPINION & ORDER – PAGE 5

3.  A single decision may also constitute municipal policy in the rare circumstance when the official or entity performing the specific act that forms the basis of the section 1983 claim is the official or entity possessing final policymaking authority.

*St. Maron Properties, L.L.C. v. City of Houston*, 78 F.4th 754, 760 (5th Cir. 2023); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc)).

### *1.  Fareed fails to plead facts sufficient to show a persistent custom of prohibition to freely exercise religion.*

— First, Fareed acknowledges that she is "unclear [on] precisely what is the written policy of City of Carrollton."  Pl.'s Resp. 8.  She relies instead on the actions of the police officers during her arrest to show that the "misconduct is either written policy or custom."  *Id.*  Because she does not plead a written policy apart from this conclusory statement, the Court looks to whether she has sufficiently alleged a custom. *See Peña v. Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) ("To proceed beyond the pleading stage, a complaint's 'description of a policy or custom . . . cannot be conclusory; it must contain specific facts.'")  To show a persistent custom, Fareed points only to a single incident where Carrollton officers told her there was no religious exception to the requirement to remove head coverings and removed her hijab.  *See* Pl.'s Resp. 8; Pl.'s Compl. ¶¶ 23–32.

Fareed also fails to establish a single incident exception.  She does not allege that any of the officers who required her to remove her hijab were "the official or entity possessing final policymaking authority" for the act.  *St. Maron*, 78 F.4th at 760.  Then, Fareed argues that the single incident is "sufficient to create an inference that an official

MEMORANDUM OPINION & ORDER – PAGE 6

policy existed, without having to reference whether other similar events had occurred." Pl.'s Resp. 8. However, a single incident is insufficient to show a pattern or persistent custom. *See Peña*, 879 F.3d at 622. Fareed's comparison of the facts in *Balle v. Nueces County*, 952 F.3d 552, 559–60 (5th Cir. 2017), with the factual pleadings here is inapposite. *See* Pl.'s Resp. 8. In that case, the plaintiff alleged a "pattern of failures" by the jail staff during his six days in custody. *Balle*, 952 F.3d at 555. Whereas the actions of the jail staff in that case occurred consistently over a period of days, the facts alleged here allege only a single action: that the Carrollton police officer removed her hijab once. Pl.'s Compl. ¶¶ 23–27.

While the pleadings allege that her hijab was also removed at the City of Irving jail by Irving correctional officers, *id.* ¶¶ 33–42, incidents by a different city's employees do not establish a pattern by Carrollton. Additionally, the allegation that the single interaction "made it abundantly clear" to Fareed that "the forced removal of her hijab was not an individual or rogue act" but in "compliance with a specifically delineated and widely understood policy, provision, and custom of the City of Carrollton" does not meet Fareed's pleading burden to factually allege a persistent policy or custom. Pl.'s Compl. ¶ 41.

*2. Fareed Fails to Allege that a Policymaker had Knowledge of the Alleged Custom or Policy.* — The complaint also fails the "policymaker" prong of § 1983 liability. While Plaintiff correctly alleges that she "need not allege the identity of chief policymaker(s) at the pleading stage," she must "plead enough factual matter to permit a reasonable inference of involvement by the relevant County policymakers." Pl.'s Compl. ¶ 48. "A city cannot be liable for an unwritten custom unless 'actual or constructive

knowledge of such custom' is attributable to a city policymaker." *Peña*, 879 F.3d at 623 (quoting *Hicks-Fields v. Harris County*, 860 F.3d 803, 808 (5th Cir. 2017) (cleaned up)).

Unlike cases where courts have found actual or constructive knowledge, Fareed relies only on her statement that she need not allege the identity of a policymaker and makes no attempt to show that "any particular policymaker, be it the chief of police or the city commission, knew about the alleged custom." *Peña*, 879 F.3d at 623; *see also Groden v. City of Dallas*, 826 F.3d 280, 286 (5th Cir. 2016) (finding that plaintiff had adequately connected the policy to a policymaker by alleging that a city spokesman had publicly announced and gave media interviews describing the policy). Fareed does not plead facts to show that the alleged policy was promulgated by any policymaker, nor does she attempt to show that the policy was endorsed by any city spokesman or broadly known such that constructive knowledge would be imputed to any policymaker. *See El-Hussain v. Dallas County*, 2024 WL 4446997, at *4 (N.D. Tex., 2024) (holding that plaintiff had failed to allege promulgation by a policymaker where a police officer told plaintiff that removing a religious head covering was "part of the process" of intake at the police department.). Fareed points only to the statement of John Doe 1, who said that "there was no religious exception." Pl.'s Compl. ¶ 25. "For the Court to infer that this [policy] is attributable to any final policymaker, Plaintiff[] must allege more than one officer's statement about it." *El-Hussain*, 2024 WL 4446997, at *4.

### 3. *Fareed does not sufficiently plead a failure to train theory for § 1983 liability.*

— A plaintiff who does not sufficiently allege an official policy or custom may also prove municipal liability under a failure to train exception. A failure to train exception is a high

bar. "The inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train in a relevant respect amounts to deliberate indifference to the constitutional rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 379 (1989), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by the municipality can the failure be properly thought of as an actionable city 'policy.'" *Id.* City policymakers are deliberately indifferent only when they have "actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights" and still "choose to retain that program." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

The Fifth Circuit "has been wary of" finding municipal liability for a failure to train claim based on a single incident. *Pineda v. City of Houston*, 291 F.3d 325, 334–35 (5th Cir. 2002). Single violations create liability in only the most egregious cases, such as where the dangerous "proclivities" of an officer impute knowledge to the government that existing training is insufficient, *Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 2010) (citing *Brown v. Bryan County*, 219 F.3d 450, 462 (5th Cir. 2000)), or where an "obvious need" for training exists, but the officer "was provided no training whatsoever." *Peña*, 879 F.3d at 624 (citations omitted). "[A]bsent proof of pattern, deliberate indifference can still be inferred if the factfinder determines that the risk of constitutional violations was or should have been an 'obvious' or 'highly predictable consequence' of the alleged training inadequacy." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018). "For a violation to be 'highly predictable,' the municipality 'must have failed to train its

employees concerning a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face.'" *Hutcheson v. Dallas County*, 994 F.3d 477, 482–83 (5th Cir. 2021) (quoting *Littell*, 894 F.3d at 624).

Fareed alleges that because "[r]eligious head coverings, including hijabs, are widely recognized and readily available for jails to purchase if they refuse to allow detainees to retain their own," the City's "flagrant refusal to provide any readily available religious accommodations . . . and the removal of [the] identifiable religious head covering, demonstrates that the current training and supervision is grossly inadequate." Pl.'s Resp. 10. While Fareed argues that religious head coverings are "widely recognized" and "readily available," *id.*, she fails to allege that it was "highly predictable" that this was a "recurrent situation[] that a particular employee is certain to face." *Hutcheson*, 994 F.3d at 482–83.

Because Fareed has not sufficiently alleged a policy, the actual or constructive knowledge of a policymaker, or a failure to train, the Court finds that she has failed to meet the *Monell* standard to plead municipal liability and dismisses her section 1983 claim against Carrollton.

### III. THE COURT DISMISSES FAREED'S TEXAS CONSTITUTIONAL CLAIM AGAINST CITY OF CARROLLTON

The parties agree that Fareed's claim under the Texas Constitution is for equitable relief, not damages. Def.'s Mot. Dismiss 10 ("'Texas does not recognize a private cause of action for money damages for a violation of the Texas Constitution.'" (quoting *Jaramillo v. Texas*, 2023 WL 5123456, at *8 (E.D. Tex. 2023))); Pl.'s Resp. 10 (limiting

relief under this claim to equitable relief under the Texas Constitution).  "To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future."  *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992).

Fareed has failed to plead facts to show a continuing harm or real and immediate threat of repeated injury to support a claim for equitable relief.  Fareed argues that because she "lives and thus drives on a regular basis in the city of Carrollton, she is in fear of and subject to rearrest and removal of her hijab again."  Pl.'s Resp. 11.  However, the Supreme Court has rejected this argument as a basis for equitable relief.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 110–11 (1983) (finding that plaintiff lacked standing for equitable relief because it was entirely speculative that he would again be stopped by police and the same behavior would occur).  Fareed is no longer in the custody of Carrollton police, nor has she pled a continuing harm or immediate threat of repeated injury.  Therefore, the Court dismisses her Texas Constitution claim against Carrollton.

### IV.  THE COURT GRANTS THE MOTION FOR A MORE DEFINITE STATEMENT

Carrollton seeks a more definite statement for the RLUIPA, section 1983, Texas Constitution, and TRFRA claims.  This motion seeks more specificity about (1) the religious beliefs at issue and (2) the conduct of Carrollton's officers that allegedly abridged those beliefs.  Def.'s Mot. More Definite Statement 4.  Additionally, Carrollton argues that Fareed's pleadings are ambiguous as to which actions she attributes to Carrollton rather than to Irving, because she attributes actions to all defendants that are not otherwise

MEMORANDUM OPINION & ORDER – PAGE 11

factually pled against Carrollton. *Id.* at 2. Finally, Carrollton argues that the factual pleading contains contradictory facts. *Id.* at 2–3. Fareed does not respond to any of the arguments from the motion for a more definite statement in her response to both motions. Because the Court has found that Fareed failed to state a claim for the section 1983 and Texas Constitution claims, the Court addresses only the remaining claims.

First, Carrollton argues that Fareed's complaint fails to specify what religious beliefs are at issue beyond the religious requirement not to remove her hijab. Fareed's complaint alleges that she "is a devout Muslim woman who observes the mandatory religious practice of covering her hair with a hijab" and was therefore "religiously prohibited from removing her hijab in public." Pl.'s Compl. ¶¶ 21, 24. However, Carrollton points out that "her asserted claims against all Defendants, including Carrollton, extend beyond . . . removing her hijab in public." Def.'s Mot. More Definite Statement 3. For a full understanding of the claims against it, Carrollton seeks clarification through this motion of what other specific religious beliefs Fareed is asserting and the manner in which she asserts they were abridged. The Court agrees that the allegations of the complaint appear to extend beyond the action of removing her hijab. *See, e.g.*, Pl.'s Compl. ¶ 63 (alleging "by touching her hair, Defendants deprived Plaintiff of her right to freely exercise [her] religion"). Both the RLUIPA claim and TRFRA claims are premised on restricting government entities from burdening free exercise of religion. 42 U.S.C. § 2000cc-1(a) ("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . ."); Tex. Civ. Prac. & Rem. Code § 110.003 (A "government may not substantially burden a person's free exercise of religion."). To

MEMORANDUM OPINION & ORDER – PAGE 12

the extent that Fareed asserts a claim based on actions beyond the removal of her hijab, the Court agrees that Fareed's lack of specificity of how any actions beyond removing her hijab burdened her religious exercise impedes Carrollton's ability to respond to portions of the claims.

Next, Carrollton argues that Fareed's complaint pleads all allegations collectively against all defendants without identifying which allegations are directed toward which defendants, though the factual allegations against Carrollton and Irving are not the same. *See* Pl.'s Compl. ¶¶ 23–33 (alleging that a Carrollton officer removed her hijab and touched her hair prior to Fareed placing her hijab back on); *id.* ¶¶ 34–42 (alleging that Fareed removed her hijab at the instruction of officers at the Irving jail, was photographed without her hijab, and was forced to remain without a head covering for 12–15 hours). To the extent that Fareed asserts only the singular action of removing her hijab, her pleading is appropriate because she has asserted that both Carrollton and Irving officers required her to remove her hijab. *See id.* ¶¶ 23–27. However, if Fareed alleges, as discussed above, any actions beyond the removal of her hijab constituted an interference with her religious belief,[1] the present pleading is ambiguous.

Furthermore, Carrollton notes that Fareed alleges contradictory facts in the complaint. Def.'s Mot. More Definite Statement 2–3. She alleges first that Carrollton

---

[1] For example, if Fareed alleges that the defendants' actions violating her religious beliefs included: (1) the officer touching her hair, (2) being photographed without a head covering, (3) the publication of the photograph, (4) the length of time Fareed was forced to remain without her hijab, or (5) any other acts by defendants separate from or in addition to the removal of her hijab, then the pleadings do not sufficiently put each defendant on notice of the allegations against it.

MEMORANDUM OPINION & ORDER – PAGE 13

officers "withheld her hijab the entire time she was in custody." Pl.'s Compl. ¶ 15. But her factual allegations state that the officer "placed the hijab on the desk in front of her" where she was able to "reach[] over and place[] her hijab back on" because "she was uncuffed." *Id.* ¶¶ 27, 33. She also alleges that she "placed her hijab back on and secured it with a pin prior to transport" and did not remove her hijab again until she had arrived at the Irving jail, but she later alleges that she was forced "to remove her hijab for . . . transport." *Id.* ¶¶ 33–37, 63. "'While pleading alternative legal theories is appropriate, [a plaintiff] does not have the prerogative to plead conflicting facts.'" *Wilson v. Deutsche Bank Tr. Co. Ams. as Tr. for Residential Accredit Loans, Inc.*, 2019 WL 175078, at \*7 n.14 (N.D. Tex. 2019) (quoting *CapStar Bank v. Perry*, 2018 WL 3389712, at \*12 (M.D. Tenn. 2018)).

Finally, the Court notes that there appear to be incomplete allegations within the complaint. For example, one paragraph of Fareed's factual pleading reads in its entirety, "John Doe 2 purposefully assaulted[.]" Pl.'s Compl. ¶ 31. The paragraph contains no punctuation and appears to be an incomplete thought. The allegation is ambiguous as to whether Fareed contends that John Doe 2's action of touching her hair constituted the alleged assault, or if she alleges a separate action as an assault. Because John Doe 2 is a Carrollton officer and the nature of this allegation against him — and whether Fareed implicates Carrollton in this action — is unclear, this creates an ambiguity that Carrollton presently is unable to prepare a response to.

While motions for a more definite statement are disfavored, courts routinely grant such motions where the factual pleadings contain apparent contradictions. *See Wilson*,

MEMORANDUM OPINION & ORDER – PAGE 14

2019 WL 175078, at *7 n.14 (collecting cases).    Additionally, "federal pleading requirements 'entitle *each defendant* to know what he or she did that is asserted to be wrongful, allegations based on a theory of collective responsibility cannot withstand a motion to dismiss.'" *Childers v. Lifestyles Unlimited, Inc.*, 2023 WL 3961702, at *4 (N.D. Tex. 2023) (quoting *Tow v. Bulmahn*, 2016 WL 1722246, at *17 (E.D. La. 2016) (emphasis in original)).    Where the defendants acted collectively, a plaintiff is permitted to "allege that more than one defendant . . . committed the same alleged act." *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, 2015 WL 11120872, at *4 (N.D. Tex. 2015).    However, here, the actions were completed by each city distinctly and at different times.    To the extent that Fareed alleges a violation of her religious beliefs beyond the single shared fact that officers of both cities forced her to remove her hijab, the action is not collective.    The Court finds that this type of group pleading coupled with the vagueness of the specific beliefs she alleges were infringed and the manner in which she asserts they were infringed does not sufficiently put Carrollton on notice of the specific allegations against it.    Furthermore, the contradictory facts and the incomplete allegations create additional vagueness and confusion.    The Court therefore grants the motion for a more definite statement.

## CONCLUSION

For the reasons discussed above, the Court grants the motion to dismiss and dismisses the section 1983 and Texas Constitution claims against the City of Carrollton. The Court also grants the motion for a more definite statement for the remaining claims. The Court grants Fareed leave to amend her complaint within thirty (30) days of the date

MEMORANDUM OPINION & ORDER – PAGE 15

of this order.  If Fareed does not so amend, the Court will dismiss all claims against Carrollton with prejudice without further notice.

Signed June 17, 2025.

David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION & ORDER – PAGE 16