UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Baheejah Aaliyah Fareed,<br><br>Plaintiff;<br><br>v.<br><br>City of Carrollton, et al.,<br><br>Defendants. | Case No. 3:24-cv-3251 |

### Defendant City of Carrollton's Second Motion to Dismiss under Rule 12(b)(6) and Brief in Support

#### Summary

In deciding this motion to dismiss, the Court faces the following issues—with all else being immaterial:

1. Whether Plaintiff Baheejah Aaliyah Fareed has made sufficient factual allegations to state a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); and

2. Whether Plaintiff has made sufficient factual allegations to state a claim under the Texas Religious Freedom and Restoration Act ("TRFRA").

This lawsuit arises from Plaintiff's arrest for an outstanding warrant on June 14, 2024. Following her arrest, Plaintiff was transported to the City of Carrollton Police Department. Plaintiff alleges that during intake at the Carrollton PD an officer removed her headscarf (after first giving her the option to remove it herself), placed it on a table in front of her, and checked her hair for weapons or contraband (again, after giving Plaintiff the option to run her own fingers

through her hair).¹ After the search of her hair, Plaintiff put her headscarf back on without objection.²

Plaintiff brings this lawsuit against Defendants Carrollton and City of Irving.³ Against Carrollton, Plaintiff asserts two remaining causes of action for alleged violations of RLUIPA⁴ and TRFRA.⁵ In this Motion to Dismiss, Carrollton seeks dismissal of Plaintiff's remaining RLUIPA and TRFRA claims.

A court may analyze RLUIPA and TRFRA using the same case law.⁶ Here, Plaintiff's pleadings and applicable case law establish that Carrollton did not violate RLUIPA nor TRFRA. Plaintiff complains that by removing her headscarf and searching her hair for weapons and contraband, Carrollton violated her rights under RLUIPA and TRFRA. However, taking Plaintiff's allegations as true, Carrollton had a compelling governmental interest to ensure the safety of its jail by preventing the smuggling of weapons or contraband and used the least restrictive means to further that interest.⁷ As such, Plaintiff fails to state a RLUIPA or TRFRA claim upon which relief can be granted.

For these reasons, this Court should grant this motion in its entirety and dismiss Plaintiff's RLUIPA and TRFRA claims brought against Carrollton with prejudice.

---

¹  ECF (Doc. 19), Pl.'s Am. Compl., ¶¶ 44–54.
²  *Id.* at ¶ 57.
³  *Id.* at ¶¶ 2–3.
⁴  *Id.* at ¶¶ 97–105.
⁵  *Id.* at ¶¶ 122–133 (misnumbered as 122–17).
⁶  *See McFaul v. Valenzuela*, 684 F.3d 564, 576 (5th Cir. 2012).
⁷  Defendant Carrollton does not concede that it substantially burdened the exercise of Plaintiff's sincerely held religious belief but focuses this motion on its least restrictive efforts to keep its jail safe.

ARGUMENT AND AUTHORITIES

1. **Standard of review.**

Under Rule 12(b)(6), a court is authorized to dismiss a complaint when a plaintiff fails to assert a legally sufficient claim for relief.[8] To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[9] To meet this "facial plausibility" standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.[10] This requires more than the sheer possibility that the defendant acted unlawfully.[11] When a complaint's well-plead factual allegations are "merely consistent with a defendant's liability," they fail to satisfy the plausibility standard and do not show that plaintiff is entitled to relief.[12]

In considering a Rule 12(b)(6) motion to dismiss, a court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.[13] However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.[14] Moreover, a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[15] "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[16]

---

[8] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[11] *Id.* (citing *Twombly*, 550 U.S. at 556).
[12] *Id.* at 678-679.
[13] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).
[14] *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 570 ("[A] formulaic recitation of the elements of a cause of action will not do.").
[15] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).
[16] *Twombly*, 550 U.S. at 555 (internal citations omitted).

2. **Plaintiff fails to state a claim under RLUIPA or the TRFRA because Carrollton used the least restrictive means of furthering safety within the jail.**

This Court should dismiss Plaintiff's RLUIPA and TRFRA claims against Defendant Carrollton, because the removal of Plaintiff's headscarf was the least restrictive means of ensuring contraband or weapons were not smuggled into the jail. For institutionalized persons, RLUIPA provides that "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person— (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."[17]

As the United States Supreme Court has stated, "central to all other corrections goals is the institutional consideration of internal security within the corrections facility."[18] The High Court has also provided that "[w]e do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety. Our decisions indicate that an accommodation must be measured so that it does not override other significant interests. . . ."[19] Within the volatile setting of a detention facility, officers must "take all necessary steps to ensure the safety of not only the prison staffs and administrative personnel, but also visitors."[20] "They must be ever alert to attempts to introduce drugs and other contraband into the premises which, we can judicially notice, is one of the most perplexing problems of prisons today; they must

---

[17] 42 U.S.C. § 2000cc—1(a).
[18] *Pell v. Procunier*, 417 U.S. 817, 823 (1974); *see also Block v. Rutherford*, 468 U.S. 576, 586 (1984) ("[T]here is no dispute that internal security of detention facilities is a legitimate governmental interest. . . ."); *Bell v. Wolfish*, 441 U.S. 520, 546 (1979) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals . . . ."); *Chance v. Texas Dep't of Crim. Just.*, 730 F.3d at 416 ("As an institution tasked with managing the details of thousands of inmates' lives using a limited budget, TDCJ undisputably has a compelling interest in both prison safety and controlling costs.").
[19] *Cutter v. Wilkinson*, 544 U.S. 709, 722 (2005).
[20] *Poulin v. Correll*, No. 1:12-CV-00126 C, 2014 U.S. Dist. LEXIS 184656, at *34-35 (N.D. Tex. Aug. 15, 2014).

prevent, so far as possible, the flow of illicit weapons into the prison; they must be vigilant to detect escape plots, in which drugs or weapons may be involved, before the schemes materialize."[21] As the High Court noted in *Florence v. Board of Chosen Freeholders*, "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities."[22]

"The TRFRA, like the RLUIPA, provides that 'a government agency may not substantially burden a person's free exercise of religion' unless the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest. . . ."[23] As such, both RLUIPA and TRFRA protect religious exercise, and "[c]laims under TRFRA may be resolved by consideration of case law applying RLUIPA[.]"[24]

In the instant case, Plaintiff alleges that Carrollton violated RLUIPA by requiring her to remove her "religious head coverings in front of officers of the other gender."[25] Similarly, she alleges that Carrollton violated TRFRA by requiring her to remove her headscarf and conducting a search of her hair.[26] Under the facts as alleged by Plaintiff, no such violations occurred. It is true that a male Carrollton detention officer removed Plaintiff's headscarf while booking her into jail.[27] As Plaintiff concedes, prior to its removal, she was offered the opportunity to remove it herself.[28] She was also given the opportunity to run her own fingers through her hair to demonstrate that no weapons or contraband were present.[29] She refused. Moreover, by Plaintiff's own allegations,

---

[21] *Id.* (citing to *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984); *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 327 (2012) ("Policies designed to keep contraband out of jails and prisons have been upheld in cases decided since [1979].")).
[22] *Florence*, 566 U.S. at 328.
[23] *Muhammad v. Wiles*, No. EP-19-CV-00051-KC-LS, 2023 U.S. Dist. LEXIS 75358, at *9 (W.D. Tex. Feb. 14, 2023) (quoting Tex. Civ. Prac. & Rem. Code § 110.003(a)-(b); *Barr v. City of Sinton*, 295 S.W.3d 287, 299 (Tex. 2009)).
[24] *McFaul*, 684 F.3d at 576; *see* 42 U.S.C. § 2000cc-1(a); Tex. Civ. Prac. & Rem. Code § 110.003(a)-(b).
[25] Pl.'s Am. Compl., ¶ 102.
[26] *Id.* at ¶ 127.
[27] *Id.* at ¶ 51.
[28] *Id.* at ¶ 44.
[29] *Id.* at ¶ 45.

"Carrollton detention officers . . . require inmates to remove any head coverings and for inmates to run their own fingers through their hair while correctional officers observe them doing so, to ensure that no objects were hidden as part of their search process."[30] Plaintiff also admits that Carrollton officers are searching for "contraband."[31]

Given the extensive legal precedent, it is undeniable that Carrollton had a compelling governmental interest in ensuring the safety of its jail by preventing the introduction of weapons and other contraband. In addition, even taking Plaintiff's allegations as true, removal of her headscarf and a search of her hair were the least restrictive means of determining whether Plaintiff had concealed a weapon or contraband in her hair or under her headscarf. At the time of her search, no "measured" accommodation existed.

Obviously, removal of Plaintiff's headscarf was necessary to check for a concealed weapon or contraband. Plaintiff does not refute this. Instead, she objects to the removal of her headscarf in front of male detention officers.[32] She also points out that no female officer was called to assist with the removal of her headscarf.[33] What Plaintiff fails to allege or mention is whether or not a female detention officer was present at the jail during the brief time Plaintiff was in Carrollton's custody.

To the contrary, her Amended Complaint—filed after Plaintiff received interrogatory responses from Carrollton identifying "all persons who were working at the Carrollton City Jail in booking and intake on June 14, 2024"—refers only to male officers being present at the time her headscarf was removed. If a female detention officer was not working in the jail at the time, Carrollton could not reasonably accommodate a request to have a female officer remove the

---

[30] *Id.* at ¶ 45.
[31] *Id.* at ¶ 127.
[32] *Id.* at ¶ 102.
[33] *Id.* at ¶ 50.

headscarf. Plaintiff's Amended Complaint identifies only male detention officers and lacks any allegation that a female detention officer working in the jail at the time could have assisted.

Moreover, regarding the detention officer searching her hair, Carrollton attempted to let Plaintiff run her own fingers through her hair. She declined. Only then did a Carrollton detention officer physically search her hair. Plaintiff could have avoided having a male officer physically search her hair if she had simply run her own fingers through it.

On June 14, 2024, Plaintiff had her headscarf removed for a short period of time and was able to put it back on without delay after her hair was checked. That day, Carrollton did not hold Plaintiff in custody for an extended period of time. Instead, Plaintiff remained at the Carrollton Jail for only a short period of time before she was transported into the custody of co-Defendant City of Irving. Because the removal of Plaintiff's headscarf and search of her hair—after she refused to do either herself—was the least restrictive means of checking for a weapon or contraband in furtherance of the safety of its jail during the short time Plaintiff was held in its custody, Carrollton did not violate Plaintiff's rights under RLUIPA or TRFRA. Therefore, this Court should properly dismiss Plaintiff RLUIPA claim (First Cause of Action) and her TRFRA claim (Third Cause of Action) against Carrollton with prejudice.

## Conclusion

For these reasons, Defendant, City of Carrollton, Texas, asks this Court to grant this motion to dismiss for failure to state claims upon which relief can be granted, dismiss with prejudice Plaintiff's RLUIPA and TRFRA claims brought against Carrollton, and that Plaintiff take nothing by these claims against the City.

Respectfully submitted,

By: /s/ *Christopher A. Klement*
DARRELL G-M NOGA
Texas Bar No. 00785326
darrell@oknlegal.com
CHRISTOPHER A. KLEMENT
Texas Bar No. 24090212
chris@oknlegal.com
**OLDHAM, KLEMENT & NOGA, PLLC**
8150 N Central Expy, Suite 1000
Dallas, Texas 75206
Telephone: (214) 838-8400
Facsimile: (214) 446-7145

**ATTORNEYS FOR DEFENDANT
CITY OF CARROLLTON**

CERTIFICATE OF SERVICE

On July 31, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By: /s/ *Christopher A. Klement*
CHRISTOPHER A. KLEMENT